SHAWN N. ANDERSON
United States Attorney
ALBERT S. FLORES, JR.
Assistant United States Attorney
ASHLEY L. KOST
Assistant United States Attorney
P.O. Box 500377
United States Courthouse, Second Floor
Saipan, MP 96950
TEL: (670) 236-2980
FAX: (670) 236-2985

FILED
Clerk
District Court

OCT 2 3 2023

for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | Criminal Case No. 1:23-00027 |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| LIANG YANG, | |
| Defendant. | |

Plaintiff, United States of America, by and through Shawn N. Anderson, United States Attorney for the Districts of Guam and the Northern Mariana Islands, and Albert S. Flores, Jr., Assistant United States Attorney for the Districts of Guam and the Northern Mariana Islands, and Defendant LIANG YANG ("Defendant") and Defendant's counsel, Vincent Seman, Esq., agree to the following Plea Agreement ("Agreement"):

**1.  Guilty Plea and Maximum Statutory Penalties:**

Defendant agrees to plead guilty to Count 1 of the Indictment filed on October 5, 2023, charging him with Conspiracy to Possess Methamphetamine with the Intent to Distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1).

Plea Agreement - Page 1 of 15

Defendant understands that Conspiracy to Possess Methamphetamine with the Intent to Distribute carries a maximum penalty of twenty (20) years imprisonment; a maximum fine of $1,000,000; not less than a 3-year term of supervised release; restitution; and a $100.00 special penalty assessment.

Defendant further understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

**2.     Effect on Immigration Status:**

Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Defendant understands that Defendant's removal and other immigration consequences are the subject of a separate proceeding. Defendant further understands that because Defendant is not a citizen of the United States, Defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that Defendant will be removed or deported from the United States. Defendant agrees that Defendant's attorney has told Defendant this and Defendant still wants to plead guilty, even if the consequence is Defendant's automatic removal from the United States.

**3.     Denial of Federal Benefits:**

Defendant understands that by entering this plea of guilty, Defendant is no longer eligible for assistance under any state program funded under part A of Title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny Defendant's eligibility to any grant, contract, loan, professional license, or commercial

license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

**4.   The Court's Role in Plea and Sentencing Procedure:**

The Court is not a party to this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range but may depart upward or downward under the appropriate circumstances.

Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations – or even stipulations – that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

**5.   Waiver of Constitutional Rights:**

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).   The right to a jury trial;

(b).   The right to see, hear and question the witnesses;

(c).   The right to remain silent at trial;

(d).   The right to testify at trial; and

(e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

**6. Elements of the Offense:**

The United States and Defendant agree that in order to convict Defendant of Conspiracy to Possess Methamphetamine with the Intent to Distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), the United States would have to prove the following elements beyond a reasonable doubt:

(a). First, there was an agreement between two or more persons to possess methamphetamine with the intent to distribute it; and

(b). Second, Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

**7. Factual Basis and Statement of Facts:**

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt; and these facts constitute an adequate basis for Defendant's guilty plea.

(a). Defendant is a citizen of the People's Republic of China.

(b). Between on or about September 25, 2023, and on or about September 28, 2023, in the District of the Northern Mariana Islands, Defendant LIANG YANG conspired and agreed with "B.T.," along with others, to possess methamphetamine with the

intent to distribute it to others on Saipan.

(c). Defendant knew of the agreement to possess methamphetamine with the intent to distribute, and Defendant joined in this agreement knowing of its purpose and intending to help accomplish it.

(d). Specifically, as part of the agreement, a package with 1,909 grams of methamphetamine in liquid form contained in four lava lamps was mailed from California to Saipan.

(e). On September 27, 2023, the package was picked up from a private mail facility by "A.A.," under the direction of Defendant, and AA delivered the package to Defendant near the intersection of Coral Tree Avenue and Orchard Street in Garapan the same day. Defendant took possession of the package from AA and Defendant placed the package in his van for further distribution on Saipan.

(f). On September 27, 2023, the street value of methamphetamine on the island of Saipan was $400 per gram. The value of the 1,909 grams of methamphetamine contained in the four lava lamps specified in this factual basis, therefore, is $763,600.

This statement of facts is made for the limited purpose of supporting Defendant's guilty plea. It therefore does not contain all facts relating to the underlying criminal conduct. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

**8.** **Waiver of Inadmissibility of Statements:**

Defendant voluntarily, knowingly and intelligently agrees to waive the inadmissibility of

statements made in the course of plea discussions with the United States pursuant to Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence. This waiver shall apply if Defendant withdraws this guilty plea or breaches this Plea Agreement. Defendant acknowledges that any statements made by Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against Defendant in the Government's case-in-chief if Defendant were to withdraw or breach this Plea Agreement.

**9.** **The United States Agrees:**

The United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Agreement any time before or after sentencing.

**10.** **United States Sentencing Guideline Calculations:**

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing. In determining a sentence, the Court is obligated to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

(a).   Base Offense Level:

The United States and Defendant stipulate and agree that Defendant's base offense level is thirty-two (32).

Specifically, the United States and Defendant stipulate and agree that Defendant conspired to possess 1,909 grams of methamphetamine in furtherance of the criminal activity jointly

undertaken by Defendant; this amount was within the scope of Defendant's agreement; this amount was reasonably foreseeable to Defendant in connection with the conspiracy; and Defendant's relevant conduct for sentencing purposes should be calculated based upon this amount, pursuant to U.S.S.G. § 1B1.3. This amount results in a base offense level of 32. *See* U.S.S.G. § 2D1.1(a)(5) & (c)(4).

 (b). <u>Specific Offense Characteristics</u>:

The United States and Defendant stipulate and agree Defendant's offense level is increased by two (2) levels pursuant U.S.S.G. § 2D1.1(b)(16)(A).

 (c). <u>Victim-Related Adjustments</u>:

The United States and Defendant stipulate and agree that there are no victim-related adjustments to Defendant's offense level. *See* U.S.S.G. § 3A1.1.

 (d). <u>Role in the Offense</u>:

The United States and Defendant stipulate and agree Defendant's offense level is increased by two (2) levels pursuant to U.S.S.G. § 3B1.1(c).

 (e). <u>Acceptance of Responsibility</u>:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement through affixed signature no later than Tuesday, October 31, 2023, the United States will move for a three (3) level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, not recommend a three (3) level downward reduction for acceptance

of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

Furthermore, Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the District of the Northern Mariana Islands at or before sentencing and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

(f). <u>Criminal History</u>:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigation Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

**11.** **Safety Valve:**

The United States and Defendant stipulate and agree that Defendant is not eligible for the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. If the Court finds that Defendant meets the criteria set forth at 18 U.S.C. § 3553(f)(1)-(5), the Court shall impose a sentence in accordance with the applicable sentencing guidelines without regard to any statutory minimum sentence. Defendant would also receive another two (2) level reduction in offense level pursuant to U.S.S.G. § 2D1.1(b)(18).

**12.** **Incarceration:**

The United States agrees to recommend a sentence within the applicable sentencing guideline range determined by the Court at sentencing.

**13.** **Criminal Fine:**

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

**14.** **Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the District of the Northern Mariana Islands, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

**15.** **Payments While Incarcerated:**

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

**16.** **Financial Disclosure Obligations:**

Defendant agrees to submit to the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands, within three (3) weeks of the execution of this plea agreement, a complete, accurate and truthful financial statement and accompanying releases, in a form it provides and as it directs. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Defendant authorizes the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands to obtain a credit report on Defendant to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant understands and agrees that any monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States,

pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on any remaining balance of the debt. Defendant agrees not to dissipate assets. If Defendant is financially unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to cooperate with the United States Attorney's Office; (b) to provide updated financial statements upon request by the United States Attorney's Office and to keep the office advised about Defendant's current address; and (c) for his debt to be placed on the Treasury Offset Program and any tax refund/rebate offset program existing in his state of residency. Defendant understands that any funds captured by an offset program will be paid towards his monetary penalties but does not relieve his of his obligation to pay the monetary penalties in full.

**17. Forfeiture:**

The Defendant agrees to forfeit, pursuant to 21 U.S.C. § 853(d), all interests in any drug-related asset that the Defendant currently owns, has previously owned or over which the Defendant currently, or has in the past, exercised control, directly or indirectly, and any property the Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offenses, including but not limited to the following specific property: money judgment, an amount to be determined at sentencing.

The Defendant stipulates and agrees that the conduct described in the Factual Basis contained herein provides a basis for the in personam criminal forfeiture judgment. The Defendant agrees to consent to the entry of orders of forfeiture for the in personam criminal forfeiture judgment and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant

acknowledges that he understands that the in personam criminal forfeiture judgment is part of the sentence that will be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to the enforcement of the in personam criminal forfeiture judgment accordance with this Plea Agreement on any grounds, including that the in personam criminal forfeiture judgment constitutes an excess fine or punishment. The Defendant waives service of process of any and all documents filed in this action or any proceedings concerning the in personam criminal forfeiture judgment arising from the facts and circumstances of this case. The Defendant further agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the in personam criminal forfeiture judgment.

The Defendant understands that the United States reserves the right to seek additional forfeiture, including but not limited to additional sums of money or property that constitute or are derived from proceeds traceable to a violation of 21 U.S.C. § 853. Defendant understands that pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and Rule 32.2(e)(1), if the court cannot identify all of the specific properties subject to forfeiture, or calculate the amount of the money judgment, before sentencing, it may enter an order that describes the property in general terms.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the in personam criminal forfeiture judgment. The court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets in the Defendant's name, or held on his behalf, in the United States and outside of the United States, to repatriate any substitute assets to the United States, and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and to refrain from dissipating or impairing any assets. The Defendant further agrees that Fed. R. Crim. P. 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the Defendant as part of his cooperation.

The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The Defendant agrees the in personam criminal forfeiture money judgment is immediately due and payable and is subject to immediate collection by the United States. Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The Defendant acknowledges that failing to cooperate in full in the disclosure of assets, the failure to repatriate any substitute assets, and any dissipation or impairment of substitute assets constitute a breach of this Plea Agreement.

**18.** **Additional Violations of Law Can Void Plea Agreement:**

Defendant and the United States agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation

for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

**19.   Appeal Rights:**

Defendant expressly waives the right to appeal this conviction, as well as to file any post-conviction motion attacking his conviction, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. Defendant expressly agrees to waive his right to appeal any sentence of imprisonment at or below one-hundred and fifty (150) months.

**20.   Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Agreement is binding only upon the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this Agreement is effective when signed by all parties and cannot be modified except in a writing that is signed by the United States and Defendant, or by the agreement of all parties on the record in open court.

//
//
//
//
//

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands.

Shawn N. Anderson
United States Attorney

By: _____   10/23/2023
Albert S. Flores, Jr.                  Date
Assistant U.S. Attorney

## Defendant's Certification

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

I further understand that if I am not a citizen of the United States, my guilty plea and conviction make it practically inevitable and a virtual certainty that I will be removed or deported from the United States. I agree that my attorney has told me this and that I still want to plead guilty.

_Liang Yang 杨亮_                    10/23/2023
LIANG YANG                            Date
Defendant

//

//

//

//

//

//

Plea Agreement - Page 14 of 15

### Attorney's Certification

I have read the Plea Agreement and have discussed the contents of the agreement with my client. I am of the opinion that the Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I am not aware of any reason why the Court could not accept the defendant's plea of guilty.

I am also aware that my client is not a citizen of the United States, and that my client's guilty plea and conviction make it practically inevitable and a virtual certainty that my client will be removed or deported from the United States. I have advised my client of this, and my client still wants to plead guilty.

_____         10/23/2023
Vincent Seman                                    Date
Attorney for Defendant

### Interpreter's Certification

I hereby certify that I have read and translated the entire foregoing document to Defendant in a language which Defendant is conversant. If questions have arisen, I have notified Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions. Defendant has indicated to me that Defendant understands each part of this Agreement.

_____         10/23/2023
Interpreter for Defendant                    Date